# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAVANNA SPENCER, | : |
|     Plaintiff | :   Civil No. 3:07-CV-1021 |
| | : |
|     v. | :   (Magistrate Judge Carlson) |
| | : |
| LIEUTENANT PROCE, et al., | : |
|     Defendants | : |

## MEMORANDUM ORDER

### I. INTRODUCTION

In this civil action, Plaintiff Ravanna Spencer has brought claims against a number of Defendants, current and former employees of the Pennsylvania Department of Corrections, alleging that his rights under the Eighth Amendment were violated during his forcible extraction from his cell in the Special Management Unit ("SMU") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") on May 13, 2006. Now pending before the Court is a motion *in limine* filed by Plaintiff, Ravanna Spencer. (Doc. 148.) In the motion Plaintiff seeks the entry of an order: (1) prohibiting Defendants from introducing evidence of his past arrests and convictions for various crimes; (2) prohibiting Defendants from offering testimony or other evidence regarding Plaintiff's prior cell extractions, or cell extractions that have occurred subsequent to the extraction on May 13, 2006; and, (3) permitting testimony

from Bret Gote, an investigator with the Human Rights Coalition, who has collected information on a variety of complaints that inmates have allegedly made about the SMU at SCI-Camp Hill.

Defendants have filed a brief in response to Plaintiff's motion. (Doc. 156.) With respect to Plaintiff's concerns about a jury hearing testimony about his criminal history and convictions, Defendants note that they do not intend to introduce evidence regarding Plaintiff's prior arrests and convictions, unless Plaintiff opens the door for such evidence to be introduced by testifying about his own criminal background. Defendants object to the remainder of the relief sought in Plaintiff's motion in limine.

Upon consideration of the relief sought in the motion, the briefs filed in support of and opposition to the motion, and after addressing the motion with the parties during a pre-trial conference held on May 3, 2010, we find that the motion should be granted in part and denied in part.

## II. DISCUSSION

### A. Evidence Regarding Cell Extractions Involving Plaintiff

Plaintiff contends that the Court should prohibit Defendants from introducing any evidence regarding other forcible extraction procedures that they have used to remove him from his prison cell before or after the May 13, 2006 incident at issue in this case because "the danger of unfair prejudice outweighs the probative value of this

evidence" under Federal Rule of Evidence 403. (Doc. 149, at 4.) Defendants object, noting that under Rule 403, only evidence the probative value of which is "substantially outweighed by the danger of unfair prejudice" may be excluded. (Doc. 156, at 3.) Defendants further argue that evidence of other cell extractions is not prejudicial to Plaintiff in any way, and, therefore, urge the Court to permit the introduction of such evidence.

### a. Cell Extractions Prior to May 13, 2006

Plaintiff concedes that he has been subjected to cell extractions on occasions other than the one that inspired this lawsuit, though he claims to be unable to remember the dates on which these cell extractions occurred. In urging the Court to bar the introduction of any evidence regarding these prior cell extractions, Plaintiff speculates that if jurors are permitted to learn that he has been involved in multiple cell extractions, they may simply conclude that he "is a troublemaker who 'got what he deserved' during the extraction at issue." (Doc. 149, at 4.)

In contrast, Defendants argue that Plaintiff's prior cell extractions have clear relevance to this suit because they may be used to show how Plaintiff performed during prior extractions, and to demonstrate that the precautions claimed to have been taken during the May 13 extraction were undertaken in order to maintain discipline during a repeat of a situation in which Plaintiff has shown a propensity for violence

3

in the past. Defendants also note that this evidence of prior extractions may be relevant and probative to explain the individual Defendants' states of mind during the extraction, and the danger faced by corrections officers charged with extracting this particular individual from a cell, while having to make snap judgments on how to react to Plaintiff's conduct. Moreover, Defendants note that during his deposition in this case, Plaintiff testified that the May 13, 2006 cell extraction was the first time he was forcibly removed from a prison cell while housed at SCI-Camp Hill. Defendants note that this sworn representation is, in fact, not true, and evidence regarding Plaintiff's prior cell extractions could be used to impeach his testimony on this point.

Rule 403 of the Federal Rules of Evidence provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. The Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at

4

the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

Upon consideration of the parties' competing positions about the relevance and potential prejudice regarding evidence of prior cell extractions involving Plaintiff, and mindful of the cautious approach that the Third Circuit has instructed courts to follow when adjudicating Rule 403 challenges, we find that Plaintiff's motion to exclude evidence of prior cell extractions should be denied. First, Defendants have persuasively demonstrated that evidence of prior extractions involving Plaintiff may have substantial relevance to Plaintiff's claims and to the defenses that may be asserted. Second, we disagree with Plaintiff's speculative argument that evidence of prior cell extractions is overly prejudicial or in any way likely to lead to "emotional decision making that Rule 403 is designed to prevent." (Doc. 149, at 4.) Indeed, Plaintiff has offered little in the way of support for this point other than his own conjecture. As applies to any evidence taken during trial, if Plaintiff believes that the testimony regarding the prior cell extractions becomes objectionable, Plaintiff remains free to raise appropriate objections at the time of trial. Any potential

prejudice may be further controlled through *voir dire* or cautionary instructions at the time of trial.

### b. Cell Extractions Subsequent to May 13, 2006

With respect to forcible cell extractions that occurred after May 13, 2006, Plaintiff simply restates his original argument that any such evidence lacks probative value in assessing the treatment he endured during the cell extraction at issue, and that the prejudice of this evidence outweighs its probative value. In contrast, Defendants assert that the post-May 13, 2006 extractions are relevant to rebut Plaintiff's claims that he experienced trauma and mental anguish as a result of the May 13 extraction. It appears Defendants are arguing that evidence of subsequent cell extractions is somehow relevant to disprove Plaintiff's claims of trauma and mental anguish because "far from being traumatized, Plaintiff continued to force prison officials to extract him from his cell" at SCI-Camp Hill. (Doc. 156, at 4.)

This evidence relating to cell extractions after May 13, 2006 is more problematic in our view.

We have difficulty appreciating Defendants' argument that this evidence "is extremely probative to the issue of damages." (Id.) Although Defendants may be able to provide greater clarity to this argument, at present the Court does not fully agree with Defendants' assessment of the evidence's relevance to Plaintiff's damages

claims. At the same time, we do not agree with Plaintiff that this evidence is clearly prejudicial, much less that any prejudice would substantially outweigh the relevance of the evidence to Defendants' defenses in this suit. In consideration of the fact that the evidence's relevance remains somewhat unsettled, and that we cannot agree at this time with Plaintiff's assertions regarding the potential prejudice of this evidence, we will deny the motion in limine. Defendants may, if they see fit, seek to introduce evidence regarding Plaintiff's subsequent extractions at the time of trial, and Plaintiff may object to the introduction of such evidence at that time. The Court will be better able to assess the evidence's relevance at that time, and to evaluate the risk of prejudice to Plaintiff from its presentation to a jury. Furthermore, the Court can, if necessary or appropriate, limit the introduction of such evidence or otherwise provide cautionary instructions to the jury in order to obviate the risk of any prejudice to Plaintiff.

Recognizing the guidance of the appellate courts that Rule 403's balancing of prejudice and probative value can rarely occur inn the abstract, the Court will deny Plaintiff's motion *in limine* at this time to the extent it requests that Defendants' be absolutely foreclosed from introducing evidence regarding prior forcible cell extraction procedures used with respect to Plaintiff at SCI-Camp Hill before and after May 13, 2006. However, because we believe that this proof may be problematic, we

will instruct the Defendants that they shall notify Plaintiff's counsel prior to endeavoring to elicit this testimony at trial, and should be prepared at trial to make an offer of proof which addressees Rule 403 considerations before attempting to introduce this evidence at trial..

### B. The Proposed Testimony of Bret Grote

In his motion, Plaintiff also seeks entry of an order authorizing him to call Bret Grote, an investigator with the Human Rights Coalition, to testify about "the number and character" of complaints that he has allegedly received from inmates housed in the SMU at SCI-Camp Hill. (Doc. 149, at 4.) Plaintiff argues that Mr. Grote should be permitted to introduce this evidence for two reasons. First, Plaintiff contends that the collection of unverified complaints from inmates and their families is sufficient to qualify as evidence of a plan on the part of Defendants, and thus is admissible under Federal Rule of Evidence 404(b). Second, Plaintiff argues that Mr. Grote's testimony about reports from other inmates may constitute evidence to show a routine practice of Defendants, and as such is admissible under Rule 406.

Defendants maintain that Mr. Grote should be precluded from offering testimony that they claim would be nothing more than the repetition of unsubstantiated hearsay that is, in any event, irrelevant to the claims in this particular case. In this regard, Defendants note that all of the testimony constitutes hearsay, and

8

that only 6 of the 92 incidents that were allegedly reported to Mr. Grote actually concern cell extractions. Moreover, three of the Defendants are mentioned only once in the collection of 92 incidents, and one of the Defendants is never identified in any of the complaints that Mr. Grote has received. Finally, Defendants argue that even if the unsubstantiated complaints were relevant or capable of introduction by Mr. Grote, any relevance the evidence might have would be substantially outweighed by the unfair prejudice to Defendants by unfairly attributing alleged and unsubstantiated cases of inmate abuse to the particular Defendants in this case, who are alleged to have used excessive force against Plaintiff during a single forcible cell extraction.

Upon consideration, we find that Plaintiff's motion to introduce testimony by Mr. Grote must be denied. In reviewing the table attached to Plaintiff's motion *in limine*, it is clear that the instances compiled constitute inadmissible hearsay by inmates offered to prove the truth of the matter asserted, are uniformly unsubstantiated, and are irrelevant to the specific claim that Plaintiff has brought in this action. Indeed, Plaintiff essentially seeks to have Mr. Grote recite more than 90 incidents of asserted "abuse" – instances he apparently has collected "by way of letters, grievances, and lawsuits sent by people incarcerated in the SMU at SCI Camp Hill and their families" – in order to prove not only that the instances took place, but that they collectively constitute evidence of a plan, or to show a habit or routine

9

practice of the prison and its employees. However, nothing in Plaintiff's motion indicates that Mr. Grote has conducted any investigation into the veracity of the instances reported in the "letters, grievances, and lawsuits," and this fact is brought home forcefully by the fact that the first instances of abuse identified in Mr. Grote's report are the very allegations that Plaintiff has brought in this case. Obviously, the allegations in this litigation remain very much in dispute, and the Court can only speculate that many of the other instances of alleged abuse by SMU staff similarly were never investigated, adjudicated, or otherwise confirmed through any sort of process that might cause the testimony to be considered reliable or substantiated.

By offering Mr. Grote as a witness who can recite the facts alleged in grievances, Plaintiff is essentially seeking to portray these instances as historical fact, while at the same time depriving Defendants the opportunity to cross-examine the complaining parties, or to otherwise contest the facts alleged by each of them. This simply is not permitted under the Federal Rules of Evidence.

In addition, the Court finds that the evidence offered is irrelevant to Plaintiff's claims in this case. Plaintiff argues that the testimony is relevant either to show evidence of a "plan" on the part of Defendants, or to establish that abusive practices within the SMU at SCI-Camp Hill were so well established and routinized as to constitute habit. But neither of these contentions has any merit.

Rule 404(b) of the Federal Rules of Evidence provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). The Third Circuit has directed district courts to apply a four-part test in order to determine whether to admit evidence under Rule 404(b): (1) the evidence must have a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must outweigh its potential for unfair prejudice; and, (4) if the evidence is permitted, the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. United States v. Rahamin, 168 F. App'x 512, *519, 2006 WL 436021, *4 (3d Cir. 2006) (citing United States v. Cruz, 326 F.3d 392, 395 (3d Cir. 2003).

Considering these factors, it is clear that Plaintiff's request to use the unsubstantiated and unverified complaints of inmates and their families in order to prove Defendants' "plan" to abuse inmates in the SMU must be denied. First, although we appreciate that Rule 404(b) is a "rule of inclusion rather than exclusion,"

United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir. 1998), the Plaintiff's requested use of the Grote report falls well outside of the rule's ambit or purpose. As a threshold matter, we do not believe that the evidence is being offered for a proper purpose, as it appears Plaintiff is hoping to do nothing more than offer highly prejudicial testimony about a number of alleged instances of abuse in order to suggest that Defendants' alleged conduct in this case comports with these alleged historical incidents. But Plaintiff has done nothing to explain how a series of alleged, unsubstantiated, and disparate instances can conceivably qualify as evidence of a plan relevant to the claims made in this action.

In assessing whether proffered 404(b) evidence is being offered for a proper purpose, the Third Circuit has instructed that the proponent "clearly articulate how the evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed ... the offenses before, he therefore is more likely to have committed this one." United States v. Morley, 199 F.3d 129, 137 (3d Cir. 1999). See also United States v. Lopez, 340 F.3d 169, 174 (3d Cir. 2003) ("[A] mere list of the purposes found in rule 404(b) is insufficient."); Morley, 199 F.3d at 133 ("Relevance is not an inherent characteristic, . . . nor are prior bad acts intrinsically relevant to motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.") (internal citation and quotation marks omitted). In

contrast to these legal considerations, Plaintiff has not explained in any fashion how Mr. Grote's proposed testimony qualifies as properly admissible Rule 404(b) evidence, and he has not articulated how Mr. Grote's recitation of other inmate's alleged complaints about alleged instances of abuse "fits into a chain of logical inferences" tending to show a plan. <u>Id.</u> Instead, Mr. Grote's testimony plainly relies on an "inference that because the defendant [allegedly] committed the offense before, he therefore is more likely to have committed this one." <u>Id.</u> This is exactly what the Third Circuit has instructed lower courts to disallow.

The second consideration – that the evidence be relevant – is also not met. Plaintiff has not explained how the unrelated incidents compiled in Mr. Grote's report have any relevance to the claims brought in this case. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. The unrelated, unsubstantiated, and alleged instances of past abuse within the SMU do not meet this relatively low threshold, and we note in particular that of the more than 90 instances of alleged abuse, only six of them involve cell extractions, which further reduces any arguable relevance to the claims actually made here.

Third, even if the evidence had some slight relevance to Plaintiff's claims, we would have to find that the limited probative value of the evidence would be substantially outweighed by its risk of unfair prejudice, and thus disallowed under Rule 403. Mr. Grote's proposed recitation of sundry inmate complaints is inflammatory and confusing, and seeks to taint the particular Defendants in this litigation while providing essentially no information that would be helpful in assessing the claims that the Plaintiff has brought.

Similarly, we also reject Plaintiff's argument that Mr. Grote's report regarding disparate, unsubstantiated allegations of inmate abuse may be introduced to demonstrate habit of a particular individual or the routine practice of the SMU at SCI-Camp Hill. Federal Rule of Evidence 406 provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion as in conformity with the habit or routine practice.

Fed. R. Evid. 406. The Advisory Committee Notes to Rule 406 explain that habit "describes one's regular response to a repeated specific situation . . . such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn . . . . The doing of habitual acts may become semi-automatic." Fed. R.

Evid. 406 Advisory Committee Notes (1972); see also United States v. Wright, 206 F. Supp. 2d 609, 615 (D. Del. 2002) ("[T[o qualify as habit evidence, the proffered evidence must be specific and particular."). In the case at bar, the Grote report satisfies neither of these requirements. Nothing in the collection of alleged instances of abusive conduct suggests specificity or particularity, and the vast array of circumstances and complaints show manifest differences and generality. They are, in short, generalized, rather than specific and particular. Accordingly, we find that Plaintiff's request for permission to call Bret Grote as a witness in this case must be denied, and he will not be permitted to read his report or testify about its contents at trial.

III. ORDER

AND NOW, this 10th day of May 2010, for the reasons set forth in the above memorandum, IT IS HEREBY ORDERED THAT Plaintiff's motion *in limine* (Doc. 148) is granted in part and denied in part. Plaintiff's motion is granted insofar as it seeks to prevent Defendants from introducing evidence regarding his prior arrests and convictions, **unless** Plaintiff opens the door to such testimony by first introducing evidence regarding such arrests or convictions.

Plaintiff's motion is denied to the extent it seeks to prevent Defendants from introducing any evidence regarding forcible cell extractions involving Plaintiff before

May 13, 2006. Moreover, evidence relating to cell extractions after May 13, 2006 will be addressed at trial in accordance with the procedures outlined in this memorandum order.

Plaintiff's motion is also denied to the extent it seeks authorization to introduce evidence from Bret Grote.

*s/ Martin C. Carlson*  
Martin C. Carlson  
United States Magistrate Judge