# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER,         :
                             :     **Civil No. 3:07-CV-1021**

    **Plaintiff**          :

                             :     **(Magistrate Judge Carlson)**

v.                         :

                             :

LIEUTENANT PROCE, et al.,   :

                             :

    **Defendants**      :

## MEMORANDUM ORDER

In this civil action, Plaintiff Ravanna Spencer has brought claims against a number of Defendants, current and former employees of the Pennsylvania Department of Corrections, alleging that his rights under the Eighth Amendment were violated during his forcible extraction from his cell in the Special Management Unit ("SMU") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") on May 13, 2006.

We have appointed counsel to represent Spencer in this matter, but Spencer has requested that the Court exercise its discretion and grant him leave to make his own opening statement at trial. (Doc. 162). The Defendants have concurred in this motion, and the Court will, therefore, permit Spencer to make the Plaintiff's opening, with

the following express understandings regarding what the Plaintiff may do in his

opening statement:

> The purpose of an opening statement is to give the broad outlines of the case to enable the jury to comprehend it. It is not to poison the jury's mind . . ., and it is certainly not to recite items of highly questionable evidence. Government of Virgin Islands v. Turner, supra, 409 F.2d at 103, quoted in part in United States v. Somers, supra, 496 F.2d at 737. Cf. Government of Virgin Islands v. Oliver, 360 F.2d 297 (3d Cir. 1966). Nor should an opening statement contain unnecessary, overly dramatic characterizations. See United States v. Somers, supra, 496 F.2d at 738 ("We categorically disapprove of remarks which serve only to color subjectively the minds of the jury at the outset of the trial.") As one commentator observes: In (the opening statement), the [party] explains the nature of the [case], outlines succinctly the supportive evidence which he expects to prove, and identifies the issues. Basically, the purpose of the opening statement is to program the jurors so that they can follow and understand the evidence as it unfolds during the trial. It is not the office of an opening statement to argue the merits of the case, to discuss the pertinent law, or to recite the anticipated testimony or other evidence at length and in detail.

> U.S. v. DeRosa 548 F.2d 464, 470 (3d. Cir. 1977)

With this understanding we will permit the Plaintiff to make an opening statement,

provided that he strictly abides by these rules and limits his opening to a non-

argumentative outline of the facts that the Plaintiff believes that the evidence will

show to enable the jury to comprehend that evidence. All opening statements should

be limited to no more than 15 minutes. The Plaintiff will be subject to the same

standards that apply to an opening statement by counsel. The Plaintiff shall not argue

his case, nor shall he endeavor to testify. The Plaintiff shall not refer to any incidents involving cell extractions of any other inmates. The Plaintiff shall co-operate with his counsel in preparing an opening statement, and counsel will notify the Court if counsel believes that the Plaintiff will be unable to adhere to these rules. Furthermore, the jury will be advised that none of the opening statements may be considered evidence in the case.

So ordered this 13th day of May, 2010.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge