# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER, :
: Civil No. 3:07-CV-1021
    Plaintiff :
: (Magistrate Judge Carlson)
    v. :
:
LIEUTENANT PROCE, et al., :
:
    Defendants :

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

In this civil action, Plaintiff Ravanna Spencer has brought claims against a number of Defendants, current and former employees of the Pennsylvania Department of Corrections. In August of 2009 this matter was reassigned to the undersigned for pre-trial management, and in November, 2009, the parties consented to the trial of this case by the undersigned.

During all of this time, the parties have proceeded with the basic, but apparently erroneous, understanding that Spencer was alleging a single claim in the case, contending only that his rights under the Eighth Amendment were violated during his forcible extraction from his cell in the Special Management Unit ("SMU") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") on May 13, 2006.

This matter is currently set for jury selection and trial on this Eighth Amendment excessive force claim, with jury selection to commence on May 17, 2010. On May 14, 2010, at approximately 4:15 p.m., the Court was contacted by counsel for the parties, who advised the Court that some confusion had emerged regarding the claims that Spencer wished to advance in this litigation. In a final May 14 pre-trial preparation session with Spencer, court-appointed counsel for Spencer learned that Spencer believed that he was pursuing two separate claims: First, Spencer believed that he was pursuing the Eighth Amendment excessive force claim relating to the May 13, 2006 cell extraction, a cause of action acknowledged by all parties. In addition, however, Spencer also believed that he was to pursuing a separate Eighth Amendment claim, a challenge to the conditions of his confinement following his May 2006 cell extraction. This claim had not previously been identified by counsel for the parties as an issue for trial in this case.[1]

---

[1] The confusion in this regard appears to stem from matters which transpired prior to the reassignment of this case. In December 2008, Spencer, acting *pro se*, filed an amended complaint that contained a conditions of confinement allegation. (Doc. 81.) However, in June 2009 Spencer voluntarily dismissed certain Defendants named in this conditions of confinement count of the complaint, (Doc. 113), an action that apparently led the attorneys to believe that Spencer was abandoning this cause of action entirely, a matter of confusion which was only identified, and clarified, on the eve of the scheduled trial in this case.

After conferring with counsel for all parties at 4:30 p.m. on May 14, and with the concurrence of counsel for all parties, the Court has resolved this potential dilemma by ordering that the excessive force and condition of confinement claims should be bifurcated for separate trials, and directing that the excessive force claim only proceed to trial on May 17, 2010.

In taking this action we are guided by Rule 42(b) of the Federal Rules of Civil Procedure which expressly authorizes separate trials of issues and claims for the convenience of the parties, to avoid prejudice, and to expedite and economize the resolution of cases. Decisions regarding whether to bifurcate issues for trial rest in the sound discretion of the trial judge, and will not be disturbed absent an abuse of that discretion. See, e.g., Thabault v. Chait, 541 F.3d 512, 530 (3d Cir. 2008); In re Bayside Prison Litigation, 157 F.App'x 545 (3d Cir. 2005); Bandai America Inc. v. Bally Midway Mfg., Co., 775 F.2d 70, 74 (3d Cir. 1985). In this case, the exercise of our broad discretion under Rule 42(b) calls for bifurcation of these claims at this time. Indeed, all of the considerations set forth in the rule favor bifurcation of these claims.

At the outset, bifurcation is appropriate as a matter of convenience to the parties, who are not prepared to fully address the conditions of confinement issues that arose on May 14, in this trial which is set for May 17, 2010. Indeed, the fact that

3

this order addresses the mutual convenience of the parties is underscored by the parties' joint concurrence in this request.

In addition, bifurcation is necessary to avoid unfair prejudice to either party, prejudice stemming from the fact that neither party has fully prepared to litigate these condition of confinement claims. In particular we find that bifurcation avoids unfair prejudice to the Plaintiff, who should have the merits of each of these separate claims independently assessed. In this regard we believe that it is essential that Spencer, who is now represented by counsel, have an opportunity to confer with counsel regarding this claim, identify appropriate Defendants with respect to this claim, and assess the legal and factual viability of this separate claim. Similarly, the Defendants should have the opportunity to squarely address this claim, posing any legal defenses which they may have to this separate allegation.

Finally, bifurcation also promotes the important goals of efficiency and judicial economy, by ensuring that the parties have the opportunity to timely litigate the excessive force claim in this case, a claim that is ready for trial, without further delay, while permitting the parties to separately address the merits of any conditions of confinement claim.

Since all of the considerations which inform Rule 42(b) favor bifurcation IT IS ORDERED that the excessive force and conditions of confinement claims will be

bifurcated, and the excessive force claim only will be tried on May 17, 2010. A pretrial schedule for litigation of the conditions of confinement claim will be set following the completion of this trial of the bifurcated excessive force claim.

So ordered this 17th day of May, 2010.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge