IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAVANNA SPENCER, | : | |
| | : | Civil No. 3:07-CV-1021 |
| Plaintiff | : | |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| | : | |
| LIEUTENANT PROCE, et al., | : | |
| | : | |
| Defendants | : | |

# MEMORANDUM

## I. INTRODUCTION

On May 17-18, 2010, Plaintiff's claims for Eighth Amendment violations for Defendants' alleged use of excessive force during a cell extraction were tried to a jury. On May 18, 2010, that jury returned a verdict in favor of Defendants on Plaintiff's excessive force claims. Plaintiff's related claims that the conditions of his confinement following his forcible extraction from his prison cell violated the Eighth Amendment were bifurcated prior to trial, and are presently being litigated, with a trial scheduled – if necessary – to take place in December 2010.

Following trial on Plaintiff's claims of excessive force, Plaintiff, acting *pro se*, filed two separate motions, which are pending before the Court.[1] In the first

---

[1] At the time Plaintiff filed the motions, he was represented by pro bono counsel. Pursuant to court order entered subsequently, counsel was permitted to withdraw (Doc. 204), and Plaintiff is now representing himself in this action *pro se* without the benefit of counsel.

motion, Plaintiff claims that he has brought a claim for assault and battery against Defendants arising out of May 13, 2006 cell extraction, and he seeks permission to try this claim at the time he tries his bifurcated claim challenging the conditions of his confinement that followed the cell extraction. (Doc. 200.) In the second motion, Plaintiff seeks leave to represent himself *pro se* throughout the remainder of this litigation, including at trial, with any court-appointed counsel to serve in merely an advisory or stand-by capacity. (Doc. 202.) The motions are fully briefed and they will be denied.

## II.  DISCUSSION

### A.  Motion for a Trial on Plaintiff's Assault and Battery Claim

In the first motion, Plaintiff contends that he "repeatedly asked counsel to raise" a claim for assault and battery under Pennsylvania law as part of his first trial, but counsel failed to raise this issue in accordance with Spencer's requests. (Doc. 201, ¶ 1.) Plaintiff now seeks entry of an order authorizing him to litigate this claim as part of the second phase of this litigation concerning the conditions of his confinement.

Plaintiff correctly notes that he did include a claim for assault and battery as part of his second amended complaint (Doc. 81), and he maintains that the Court was aware that Plaintiff was advancing this state-law claim in addition to the

claims brought for alleged violations of the Eighth Amendment. Plaintiff suggests that because the parties are continuing to litigate Plaintiff's claim regarding the conditions of his confinement following the May 13, 2006 cell extraction, the Court should also "allow litigation on the assault and battery claim and have the trials together because they derive from the same 5-13-06 incident." (Doc. 201, at 3.)

    Although it is true that Plaintiff purported to bring a claim for assault and battery under Pennsylvania law as part of his second amended complaint, it appears that the parties did not address the claim in any meaningful way at any time prior to the first trial in this action. Notably, when the bifurcation of Plaintiff's excessive force and conditions of confinement claims was expressly discussed with counsel – in Plaintiff's presence – prior to the commencement of the May 17, 2010 trial, no party mentioned Plaintiff's assault and battery allegations. It was thus something of a surprise when, less than two weeks after losing on his claims of excessive force, Plaintiff sought to revive his assault and battery claim – a claim that relates to the very same incident and conduct that was tried before a jury on May 17 and May 18. We are, of course, mindful that Plaintiff is alleging that his appointed counsel simply refused to advance this claim despite Plaintiff's repeated urging that he do so. However, whatever may

have occurred between Plaintiff and his lawyer with respect to this matter is ultimately irrelevant, because the Defendants would be entitled to sovereign immunity on any claim for assault and battery arising out of Plaintiff's cell extraction, and thus there is no state-law claim for Plaintiff to advance in any event.[2]

Sovereign immunity operates to bar claims asserted against the Commonwealth, its agencies, and Commonwealth employees who are acting within the scope of their office or employment. See 1 Pa. Cons. Stat. Ann. § 2310.5 ("Pursuant to section 11 of Article 11 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."). The General Assembly has declared only nine exceptions to the

---

[2] Although Defendants have only recently raised the defense of sovereign immunity in response to Plaintiff's motion for a hearing on his assault and battery claim, there is no prejudice to Plaintiff from the Court's consideration of this defense at this stage of the action. The Third Circuit has noted that sovereign immunity may be raised by any party, at any point in the litigation, and a court may raise the issue *sua sponte* where appropriate. See Walsh v. United States, 328 F. App'x 806, 809 (3d Cir. 2009) (citing United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000)). Plaintiff has been placed on notice of the defense, and he has been given adequate opportunity to respond, which he has done.

broad grant of sovereign immunity, none of which is implicated by Plaintiff's claims for assault and battery.³

The Pennsylvania Department of Corrections is an agency of the Commonwealth of Pennsylvania, and is thus governed by 42 Pa. Cons. Stat. Ann. § 8522, which does not contain an exception for alleged willful misconduct. See Lavia v. Pennsylvania Dept. of Corrections, 234 F.3d 190, 195 (3d Cir. 2000); see also Holt v. Northwest Pennsylvania Training P'ship Consortium, Inc., 694 A.2d 1134, 1140 (Pa. Commw. Ct. 1997) ("[W]illful misconduct does not vitiate a Commonwealth employee's immunity because sovereign immunity protects a Commonwealth employee acting within the scope of his or her employment from liability even for intentional torts . . . .").

In his reply brief, Plaintiff endeavors to argue that the Defendants do not enjoy sovereign immunity because they were acting outside the scope of their duties when they allegedly assaulted him in his prison cell. (Doc. 213.) As an initial matter, Plaintiff's argument is predicated upon *allegations* of assault that are not only unproven, but which a jury has already considered and essentially

---

³ The nine exceptions are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. Cons. Stat. Ann. § 8522.

rejected by finding in favor of Defendants on Plaintiff's claims that the corrections officers used excessive force in removing him from his prison cell. Furthermore, and even more fundamentally, it is beyond any reasonable dispute that Defendants *were*, in fact, acting within the scope of their employment when they removed Plaintiff from his cell on May 13, 2006. Under Pennsylvania law, an action falls within the scope of an employee's employment if it:

> (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer.

Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (quoting Wesley v. Hollis, Civ. A. No. 03-3130, 2007 U.S. Dist. LEXIS 41562, 2007 WL 1655483, at *14 (E.D. Pa. June 6, 2007)). Furthermore, "willful misconduct does not vitiate a Commonwealth employee's immunity if the employee is acting within the scope of his employment, including intentional acts which cause emotional distress." Mitchell, 680 F. Supp. 2d at 682 (quoting Cooper v. Beard, Civ. A. No. 06-171, 2006 U.S. Dist. LEXIS 80655, 2006 WL 3208783, at *16 (E.D. Pa. Nov. 2, 2006)).

Plaintiff's suggestion that the corrections officers were acting outside the scope of their authority or their employment is, thus, simply without merit. The actions Defendants took during the course of Plaintiff's cell extraction were undertaken in their capacity as corrections officers and not as private individuals.[4] It is beyond dispute that each of the Defendants was on duty, in uniform, and engaged as part of a cell-extraction team charged with removing Plaintiff from his prison cell after he had persisted in covering his cell with a sheet, and after he had refused repeated instructions to remove it. Because there is no genuine dispute that Defendants were acting within the scope of their employment when they participated in a planned, forcible cell extraction on May 13, 2006, and because there is no question that Plaintiff's claims for assault and battery do not fall within one of the nine categories of waiver of sovereign immunity, Defendants are entitled to sovereign immunity on Plaintiff's state-law claim for assault and battery. See, e.g., Knauss v. Shannon, Civ. A. No. 08-1698, 2010 U.S. Dist. LEXIS 12496, 2010 WL 569829, at *15 (M.D. Pa. Feb. 12, 2010) (Rambo, J.); Story v. Mechling, 412 F. Supp. 2d 509, 519 (W.D. Pa. 2006) (holding defendant

---

[4] Of course, Plaintiff has already averred – and it is beyond any genuine dispute – that each of the Defendants was acting under color of state law before, during, and immediately following Plaintiff's cell extraction. As Judge Vanaskie observed in Mitchell, "[w]ere this Court to accept Plaintiff's argument that the Defendants were acting outside the scope of their employment, the Court would not only be ignoring the clear language of the Amended Complaint, but could be foreclosing Plaintiffs' section 1983 claim." 680 F. Supp. 2d at 683 n.6.

7

entitled to sovereign immunity because he "was acting within the scope of his employment at the time of the alleged 'assault' and because 'assault' does not fall within any of the nine exceptions to sovereign immunity"); Collins v. Bopson, 816 F. Supp. 335, 341-42 (E.D. Pa. 1993) (corrections officers immune from inmates's state claims in excessive force action).

For the foregoing reasons, we find that Defendants are entitled to judgment in their favor on any claims that Plaintiff has brought in the second amended complaint for alleged assault and battery occurring during his cell extraction on May 13, 2006. Accordingly, Plaintiff's motion for a hearing or a trial on this claim will be denied, and the clerk of court will be directed to enter judgment in Defendants' favor on this claim at the conclusion of this case.

### B. Plaintiff's Motion to Represent Himself with Co-Counsel

In his second motion, Plaintiff requests permission to represent himself at trial, noting that although he appreciates the Court's prior appointment of *pro bono* counsel willing to represent him, "in the interest of judicial economy Plaintiff wishes to move forward by himself with stand by counsel for his trial." (Doc. 203, ¶ 1.) Plaintiff candidly represents his belief that "he can represent himself better than current counsel" not because he has greater legal skill, but because he believes that "he can explain his situation better to a jury" and because

he has greater knowledge of prison conditions due to his personal experience as an inmate. (Id. ¶ 2.) Additionally, Plaintiff is openly critical of the lawyer who presented his claims to a jury, contending that the lawyer declined to ask certain questions that Plaintiff deemed critical to his case. (Id. ¶ 3.) In closing, Plaintiff underscores his wish to proceed *pro se*, observing that "there will be no room for excuses if Plaintiff loses by himself." (Id., at p. 2.)

Defendants respond by noting that three days after Plaintiff moved to proceed *pro se*, *pro bono* counsel moved to withdraw, and the Court granted the motion. Defendants thus suggest that Plaintiff's motion for leave to proceed *pro se* has been rendered moot by counsel's subsequent withdrawal from this case. To the extent that Plaintiff is asking that he be appointed a lawyer to represent him in an advisory capacity, or to second-chair a trial of Plaintiff's remaining claims, Defendants argue that such a request should be denied because such an appointment would be a wasteful use of the limited resource of counsel willing to volunteer their services on a *pro bono* basis. The Court agrees with both points.

As an initial matter, with appointed counsel having withdrawn from this case, Plaintiff will have the opportunity to do precisely what he wishes – to serve as his own lawyer – and any request that he has made to have his former lawyer relegated to an advisory capacity has indeed been rendered moot. There being no

9

lawyer engaged on Plaintiff's behalf any longer, the Court need not determine whether Plaintiff should be permitted to present his case to a jury while a volunteer lawyer sits on as a silent advisor.

We also find that Plaintiff has not demonstrated good cause to have a lawyer appointed to assist him with his remaining claims in this case. Appointment of counsel rests in the sound discretion of the Court. The exercise of this discretion, however, is guided by certain basic principles, which are aptly outlined by the United States Court of Appeals for the Third Circuit in <u>Gordon v. Gonzalez</u>, 232 F. App'x. 153, 156 (3d Cir. 2007), in the following terms:

> [A] district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses.

Id. (citations omitted). Guided by these considerations, we must proceed carefully when determining whether to request a private lawyer to donate his or her time, skill, and services to represent an inmate in a civil rights action, as the Third Circuit has admonished lower courts to remain mindful that "[v]olunteer lawyer time is extremely valuable." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Because *pro bono* counsel is a limited and valuable resource, "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Id. at 157. We must, therefore, exercise our discretion carefully when considering whether to appoint counsel.

In consideration of Plaintiff's express dissatisfaction with *pro bono* counsel at his first trial, together with Plaintiff's request to represent himself with respect to his remaining claims, and his representations that he believes that he will be a more effective advocate on his own behalf than a lawyer would be, we will not solicit additional *pro bono* counsel in this case.[5] We do not find that there exists sufficiently good cause to seek the appointment of counsel to represent Plaintiff,

---

[5] We do find it appropriate to amplify our observation made at trial that the lawyer who represented Plaintiff *pro bono* at trial served his client ably, and "exemplified the very best ideals of the legal profession." (Doc. 205, at 2.) Although the Court obviously was not privy to the relationship between Plaintiff and his lawyer, we cannot help but to note that we find Plaintiff's criticisms of counsel's representation to be misguided.

whether in a stand-by capacity or otherwise. Plaintiff has represented that he has the skill, ability, experience, and knowledge to present his claims effectively to a fact-finder. In addition, the legal issues remaining in this dispute are not particularly complex, and there is little in the way of discovery the remains to be completed, and we find that any remaining discovery or factual investigation that may be necessary is within Plaintiff's ability to perform. Accordingly, to the extent that Plaintiff's motion to represent himself with co-counsel on his remaining claims should be construed as a motion for the appointment of counsel, the motion will be denied.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a hearing or trial on his state-law claims for assault and battery will be denied, and judgment will be entered in favor of Defendants on these claims at the conclusion of this action. In addition, to the extent Plaintiff's motion to represent himself with co-counsel at trial may be construed as a motion for the appointment of *pro bono* counsel, that motion will be denied. Plaintiff will represent himself *pro se* throughout the remainder of this litigation. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER, :
: Civil No. 3:07-CV-1021
Plaintiff :
: (Magistrate Judge Carlson)
v. :
:
LIEUTENANT PROCE, et al., :
:
Defendants :

# ORDER

AND NOW, this 13th day of July, 2010, for the reasons set forth in the within memorandum, and following due consideration, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a hearing or trial on his assault and battery claims (Doc. 200) is DENIED.

2. Defendants are entitled to judgment in their favor on Plaintiff's claims for assault and battery.

3. The Clerk of Court shall refrain from entering judgment in Defendants' favor until the conclusion of this action or further order of the Court.

2. Plaintiff's motion to represent himself with co-counsel (Doc. 202) is DENIED to the extent it is a motion for appointment of counsel to serve in a stand-by or other capacity. Plaintiff shall be permitted to represent himself for the remainder of this action.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge